IN THE UNITED STATES JUDICIAL DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| DENNIS DILLEY, individually and on behalf of others similarly situated,<br><br>     Plaintiff,<br><br>v.<br><br>ACADEMY CREDIT, LLC; ACADEMY CREDIT TOOLS; ACADEMY CREDIT AND LAW; ACADEMY LEGAL SERVICES, PLLC d/b/a ACADEMY LEGAL SERVICES; AAA ACADEMY LEGAL SERVICES, P.C.; ACADEMY LAW, P.C.; JAY G. BARTON; TODD WENDEL; DOUGLAS STOWELL; and GEOFF FLETCHER,<br><br>     Defendants. | **MEMORANDUM DECISION AND ORDER GRANTING IN PART MOTION TO COMPEL DEPOSITION OF PLAINTIFF AND MOTION TO EXTEND TIME TO RESPOND TO PLAINTIFF'S MOTION FOR CLASS CERTIFICATION**<br><br>Case No. 2:07-cv-301<br><br><br>District Judge Dale A. Kimball<br><br>Magistrate Judge David Nuffer |

Defendant moved to compel the deposition of Plaintiff and to extend the time to respond to the motion for class certification until after that deposition.[1]  The court has already entered an order permitting "an initial phase of discovery focusing on class certification issues and Plaintiff Dennis Dilley's personal claims."[2]

The principal difficulties in setting Plaintiff's deposition arise from his residence in Washington, where he filed this action before it was moved here on Defendants' motion,[3] and

---

[1] Motion to Compel the Deposition of Plaintiff Dennis Dilley and for Extension of Time to Respond to Plaintiff's Motion for Class Certification, docket nos. 62 & 66, filed January 30, 2008.

[2] Scheduling Order and Order Granting In Part Defendants' Motion to Bifurcate Discovery, docket no. 49, filed December 14, 2007.

[3] Plaintiff's Response to Motion to Compel the Deposition of Plaintiff Dennis Dilley and for Extension of Time to Respond to Plaintiff's Motion for Class Certification (Response) at 1-2, docket no. 72, filed February 14, 2008.

the health condition of his wife, who is paralyzed and requires significant care.[4]  The parties

attempted to negotiate a resolution of the setting of the deposition but could not reach

agreement.[5]  Plaintiff suggests that a motion to compel is inappropriate since no notice of

deposition has been given and rejected,[6] but it is unlikely that the issues could be more

developed by any additional process.  The motion to compel will be treated as a motion for

protective order "specifying terms, including time and place, for the disclosure or discovery."[7]

   First, it is fair that the deposition of the Plaintiff be taken before Defendants must respond

to the motion for class certification.  Second, while it is usually the case that a Plaintiff's

deposition is taken in the district where a suit is pending,[8] the circumstances of the transfer of

this case (which means Mr. Dilley did not select this district to file) and the serious health

condition of his wife suggest that a departure from the rule is required.  The hardships in this

case exceed those in the cases cited by Defendants.[9]  In the parties' negotiations various

proposals were suggested which provide a menu for the exercise of discretion.

---

[4] Email from Jerry Hale to Emily Smith, December 13, 2007, Exhibit D [63-5] to Memorandum in Support of Motion to Compel the Deposition of Plaintiff Dennis Dilley and for Extension of Time to Respond to Plaintiff's Motion for Class Certification (Supporting Memorandum), docket no. 63, filed January 30, 2008; and Email from Tim Emery to Emily Smith, January 25, 2008, attached as Exhibit I [63-10] to Supporting Memorandum.

[5] Supporting Memorandum ¶¶7-14 at 3-4 and attached Exhibits C-H.

[6] Response at 4-5.

[7] Fed. R. Civ. P. 26(c)(1)(B).

[8] 8A Wright, Miller & Marcus, *Federal Practice and Procedure* § 2112 (Generally, plaintiffs are required to appear for deposition in the district the suit is pending.  However, the place of filing of the action is of diminished importance where venue is dictated by concerns other than a free choice.).

[9] *Tolon v. Board of County Commissioners*, Civ. A. No. 95-2001-GTV, 1995 WL 761452, at *1 (D. Kan. Dec. 18, 1995); *Rolex Employees Retirement Trust v. Mentor Graphics Corporation*, Civ. No. 90-726-FR, 1990 WL 200092, at *1-2 (December 3, 1990).

# ORDER

IT IS HEREBY ORDERED that the motion for extension of time and the motion for protective order[10] are GRANTED IN PART as follows:

1.      On or before March 6, 2008, the Defendants may, at their election, issue a notice of Plaintiff's deposition either by (a) video conference for which the video expenses shall be paid one half by each party with marked exhibits provided by Defendants' counsel to Plaintiff's counsel ten business days in advance of the deposition or (b) in the district of Plaintiff's residence in which case Plaintiff shall pay the travel expenses, including air fare and ground transportation (but not attorney's fees) for Defendants' attorney to attend the deposition.  With the notice of deposition, Defendants shall send a letter specifying three dates which are alternative to those specified in the notice.  Within five days, Plaintiff shall respond to the notice and letter, indicating availability on the noticed date or one of the alternates.

2.      Defendants' response to the motion for class certification shall be due 14 days after the deposition transcript is submitted by the reporter.

Dated this 25th day of February, 2008.

BY THE COURT

David Nuffer
United States Magistrate Judge

---

[10] Docket nos. 62 & 66.